# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

EDDIE THOMAS                                                     PLAINTIFF

v.                         No. 2:18-cv-67-DPM

COREY WILSON, Individually and in
his Official Capacity as a Police Officer
for Lee County, Arkansas; AT&T CORP.;
SOUTHWESTERN BELL TELEPHONE
COMPANY OF ARKANSAS; MATTHEW
ALBRECHT; RICK SEAWEL; and
JOHN DOES, 1–10                                                  DEFENDANTS

## ORDER

Eddie Thomas used to work for AT&T. He says that, after he left the company, it allowed him to dig up abandoned telephone wire for salvage. In October 2013, an AT&T supervisor found him digging up wire and called the police. Over Thomas's objections, and allegedly because of his race, he was arrested. The company took back the salvaged wire. Thomas faced prosecution for almost four years, until May 2017, when the state dropped all charges. He has now sued his arresting officer, AT&T, an AT&T subsidiary, and several AT&T employees for civil rights violations, abuse of process, and malicious prosecution. The AT&T Defendants have moved to dismiss. Lee County Deputy Sheriff Wilson hasn't yet appeared.

Thomas hasn't stated a claim under the Arkansas Civil Rights Act or § 1983 against the AT&T Defendants. They were neither government actors nor private parties acting under color of state law. *Adams ex rel. Harris v. Boy Scouts of America-Chickasaw Council*, 271 F.3d 769, 777–78 (8th Cir. 2001). That doesn't close the case, though. Was AT&T "a willful participant in joint activity with the State or its agents which . . . deprived [Thomas] of a constitutional right[?]" *Murray v. Wal-Mart, Inc.*, 874 F.2d 555, 558–59 (8th Cir. 1989). Not on the pleaded facts. Thomas's complaint, while admirably concise, doesn't allege a sufficient link between AT&T and Deputy Wilson or the Lee County prosecutor. The fact that Thomas was arrested and prosecuted doesn't, standing alone, "raise an inference that an arrangement existed[.]" *West-Anderson v. Missouri Gaming Company*, 557 F. App'x 620, 623 (8th Cir. 2014). The County actors may have found probable cause through their own investigation, for example. More is needed to suggest otherwise. The Court declines to reach the tangled limitations question because Thomas hasn't stated a claim.

Thomas hasn't pleaded sufficient facts to support his claims for abuse of process or malicious prosecution, either. Liberally construed, Thomas's complaint alleges that AT&T called the police, had him arrested, and urged prosecution to reclaim its copper wire. This is strong medicine. But the law requires details, not cursory links or conclusions, as Thomas acknowledges by reserving his right to amend.

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). Some specific facts, such as alleged communications, are needed to show that AT&T initiated or continued frivolous charges against Thomas. *McMullen v. McHughes Law Firm*, 2015 Ark. 15, at 15, 454 S.W.3d 200, 210 (2015).

\* \* \*

Motions, № 6 & № 22, granted as modified. Southwestern Bell, AT&T, Albrecht, and Seawel are dismissed without prejudice. The Court grants Thomas leave to amend, and to re-plead his claims against them, as Thomas plans to do after Deputy Wilson answers. Amended complaint due no later than 21 September 2018.

So Ordered.

*D.P. Marshall Jr.*
United States District Judge

30 July 2018